## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

ANDREW FREE,

                Plaintiff,

    v.

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT,

                Defendant.

Case No. _____

### COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

### Introduction and Background

1.      This is an action under the Freedom of Information Act (the "FOIA" or the "Act"), 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, to obtain improperly withheld agency records concerning Frankline Okpu's untimely and preventable death in for-profit immigration detention, and records pertaining to the federal government's response to it. Through multiple FOIA requests described herein, Plaintiff sought agency records from Defendant U.S. Immigration and Customs Enforcement (ICE). Pursuant to an unlawful pattern, practice, and policy of disregarding its FOIA obligations, Defendant failed to adequately acknowledge Plaintiff's various FOIA requests, as required by law, and failed to adequately search for and respond to Plaintiff's FOIA requests, in violation of the Act.

2.      Plaintiff Andrew Free (Free) seeks a declaration that Defendant has improperly withheld records that will shed light on the circumstances surrounding Frankline's death and similar abuses at ICE detention centers pursuant to the

1

pattern and practice documented herein, as well as injunctive relief requiring Defendant to immediately process and release the requested records, to end its documented pattern and practice of ignoring certain FOIA obligations, and to make certain records publicly available pursuant to its obligations under FOIA going forward.

## JURISDICTION AND VENUE

3.      This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B). Plaintiff's request for declaratory and other relief is properly subject to this Court's subject-matter jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(F) and 28 U.S.C. §§ 1331, 2201(a), and 2202.

4.      Venue is proper within this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1391(b)(1), (b)(2), and (e)(1).

5.      Plaintiff has constructively or actually exhausted all administrative remedies in connection with its FOIA requests, as detailed below.

6.      Because Plaintiff brings this action after constructively or actually exhausting administrative remedies, this Court's jurisdiction is based on 5 U.S.C. 552(a)(4)(B) and 5 U.S.C. 552(a)(6)(A)(i).

7.      Under the latter provision, this court may retain jurisdiction and allow Defendant additional time to complete the processing of Plaintiff's FOIA requests if, and only if, the government can demonstrate that exceptional circumstances exist **and** due diligence in responses to Plaintiff's requests. Because Defendant can

demonstrate neither, this Court has jurisdiction to declare unlawful the agencies'
withholdings and order immediate production of records unlawfully withheld.

8.    Congress passed the Freedom of Information Act, 5 U.S.C. § 552, in
1966 "to establish a general philosophy of full agency disclosure," S. Rep. No. 89–
813, at 3 (1965), and "to assure the availability of Government information necessary
to an informed electorate," H.R. Rep. No. 89–1497, at 12 (1966), 1966 U.S.C.C.A.N.
2418, 2429.

9.    The statute provides that, subject to certain enumerated exemptions for
classified documents, agency personnel and medical files, confidential financial
information, and the like (5 U.S.C. §§ 552(b)(1)-(9)), federal agencies generally must
make their internal records available to the public upon request. *Id.* § 552(a)(3)(A).

10.    As the Supreme Court has recognized, FOIA's disclosure regime shines a
light on government operations "to check against corruption and to hold the governors
accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 242
(1978).

## PARTIES

11.    Plaintiff Free is a lawyer, scholar, freelance investigative journalist,
researcher, and organizer who writes and publishes edited stories[1] and contributes
his FOIA research to reports about deaths in ICE custody and the conditions that

---

[1] *See generally,* Andrew Free, Muck Rack (Last visited Nov. 4, 2025) available at
https://muckrack.com/andrew-free

produce them.[2] He publishes a regular newsletter informing the public about deaths in DHS custody and the government's transparency practices[3] and is regularly cited or quoted in media outlets covering immigration detention issues,[4] in part as a result of the thousands of records he has collected and published through hundreds of FOIA requests over the past decade. ICE has repeatedly identified Free as a representative of the news media and filer of "significant FOIA requests" since at least 2022.[5]

12.     Plaintiff's reporting, research, and scholarship rely on government records as an authoritative primary source for the official facts surrounding the in-custody deaths he writes about.

13.     Defendant ICE is an agency component of the U.S. Department of Homeland Security. ICE is the principal investigative arm of DHS and is charged with criminal and civil enforcement of the immigration laws in the U.S. interior.

---

[2] *See, e.g.*, Deadly Failures: Preventable Deaths in U.S. Immigration Detention (2024) available at https://assets.aclu.org/live/uploads/2024/06/2024-07-01-ICE-Detainee-Deaths.pdf

[3] *See* Andrew Fr ee, Detention Kills (Last updated Nov. 3, 2025) available at www.detentionkills.substack.com

[4] *See, e.g.*, Emma Goldberg, "'People are Losing Hope' Inside ICE Detention Centers," *The New York Times* (Sept. 16, 2025) *available at* https://www.nytimes.com/2025/09/16/health/ice-homeland-security-immigration-detention.html; Rachel Uranga, "Immigrants decry conditions at former prison, ICE's largest detention center in California," *The Los Angeles Times* (Sept. 29, 2025) available at https://www.latimes.com/california/story/2025-09-29/detainees-protest-at-californias-largest-and-newest-immigration-detention-center

[5] *See, e.g.*, Weekly FOIA Report for Mar. 31, 2025, U.S. Department of Homeland Security at 8, 70, 130, and 164, available at https://www.dhs.gov/sites/default/files/2025-07/25_0731_PRIV_Chief_FOIA_Officers_Weekly_Report_March_31_25_to_June_30_25.pdf. (DHS began affirmatively publishing these Reports, which Free exposed the existence of through a prior FOIA request, pursuant to 5 U.S.C. 552(a)(2) following several prior releases to Free in response to his FOIA requests. See https://www.muckrock.com/foi/united-states-of-america-10/dhs-significant-foia-activity-190417/

Among ICE's primary duties are the investigations of persons suspected to have violated the immigration laws and the apprehension, detention, and removal of noncitizens who are unlawfully present in the United States.

14.    Defendant ICE is an agency within the meaning of 5 U.S.C. § 551(1). ICE has possession, custody, and control of records responsive to Plaintiff's FOIA requests.

15.    Because ICE ceased affirmatively disclosing all detainee death reviews that it previously released as a matter of course in February 2017, Free and others have been forced to repeatedly file FOIA requests in order to even gain access to the official story of the circumstances surrounding deaths in custody.[6]

16.    Since 2019, Plaintiff has submitted over 300 FOIA requests to DHS and its agency components.

---

[6] *See, e.g.*, *Mami Chelo v. Immigr. & Customs Enf't*, 1:25-cv-02546-PAE (S.D.N.Y. 2025) (Plaintiff files suit seeking records regarding noncitizen death in custody); *Am. Civil Liberties Union of Penn. v. Immigr. & Customs Enf't*, 2:24-cv-05675 (E.D. Pa. 2024) (Plaintiff files suit for ICE records regarding noncitizen death in Custody); *Rocky Mountain Immigr. Advocacy Network v. Immigr. & Customs Enf't*, 1:23-cv-02359 (D. Colo. 2023) (Plaintiff files suit to obtain records for two noncitizen deaths in custody); *Transgender L. Ctr. v. Immigr. & Customs Enf't,* 46 F.4th 771 (9th Cir. 2022); *Innovation L. Lab v. Immigr. & Customs Enf't*, 2:22-cv-00443 (D.N.M. 2022) (Plaintiff filed suit to obtain records regarding conditions in detention); *Refugee and Immigr. Center v. Immigr. & Customs Enf't*, 5:22-cv-00171 (W.D. Tex. 2022) (Plaintiff files FOIA lawsuit for disclosure of noncitizen suicide at Karnes detention center); *Buzzfeed v. Immigr. & Customs Enf't*, 610 F.Supp.3d 139 (C.D. Cal. 2022) (Plaintiff forced to file lawsuit to obtain DHS records in 2019); *Chaverra v. Immigr. & Customs Enf't*, 18-289-JEB (D.D.C. 2018) (Plaintiff forced to file suit after ICE failed to produce records); *Am. Civil Liberties Union of Colorado v. Immigr. & Customs Enf't*, 1:19-cv-01036 (D. Colo. 2019) (Plaintiff filed suit to obtain records of noncitizen's death in custody); *Leopold v. Immigr. & Customs Enf't*, 1:18-cv-02415 (D.D.C. 2018) (Plaintiff files suit to obtain records related to agency enforcement actions against noncitizens resulting in detention); *Owen v. Immigr. & Customs Enf't*, 2:22-cv-0050 (C.D. Cal. 2022) (Plaintiff sues seeking records regarding noncitizen death in detention); *Transgender L. Center v. Immigr. & Customs Enf't*, 1:21-cv-02155 (D.D.C. 2021) (Suit seeking to compel production of records regarding treatment of transgender people in DHS custody).

17.    During this period, ICE has consistently failed to uphold its statutory obligations as to Plaintiff Free's requests, forcing Plaintiff to repeatedly litigate in order to derive meaningful information in a timely manner.

18.    Free notified ICE, its counsel, and DHS of the agency's unlawful pattern and practice of violating FOIA in writing on August 13, 2021; of several serial FOIA violations observed across multiple requests, indicating a pattern and practice of FOIA violations.[7]

19.    After Free's notification, multiple courts have concluded that ICE has an unlawful pattern and practice of failing to comply with FOIA.[8]

## FACTS

### Plaintiff's FOIA Request for Video

20.    MVPC maintains video surveillance both within and outside the entire facility.[9]

---

[7] *See* R. Andrew Free, *ICE's Pattern and Practice of Violating the Freedom of Information Act*, Detention Kills, (Aug. 13, 2021) available at https://cdn.muckrock.com/outbound_request_attachments/ImmCivilRights/81848/2021_8_12_FOIA_P P_Letter_-_ICE_.pdf

[8] *See, e.g.*, *Owen v. Immigr. & Customs Enf't*, 2:22-cv-0050 (C.D. Cal. 2022); *Nightingale v. U.S. Citizenship & Immigr, Services, et al.*, 507 F.Supp.3d 1193 (N.D. Cal. 2020); *Stevens v. Immigr. & Customs Enf't*, 432 F.Supp.3d 752 (N.D. Ill. 2020).

[9] *See* Office of Immigration Detention Ombudsman (OIDO), *OIDO Inspection Moshannon Valley Processing Center* (Oct. 7, 2022) (available at https://www.dhs.gov/sites/default/files/2022-10/OIDO%20Final%20Inspection%20Report%20-%20Moshannon%20Valley%20Processing%20Center _2.pdf); Commonwealth of Pennsylvania State Police, *Public Information Release report* at 7 (Aug. 7, 2025) (when PA State Police arrived at MVPC in response to Mr. Chaofeng Ge's death they note inter alia that "video surveillance was thoroughly reviewed" before ultimately determining that Mr. Ge's death was a suicide.)

21.     On December 15, 2023 – less than ten days after Frankline Okpu's death in custody –Free submitted a FOIA request (the 'Video Request') to Defendant ICE seeking "All extant video (surveillance, handheld, or cellphone-gathered) or still images from the GEO Group's Moshannon Valley ICE Processing Center showing the recently deceased Frankline Okpu during his time in detention there." Plaintiff's request and correspondence with ICE are attached as Exhibit A. *See* Ex. A at 1.

22.     Mr. Free also sought expedited processing of his request, discussing the video as being one of widespread public interest surrounding detained people's deaths in ICE custody. *See id.*

23.     Finally, Mr. Free exhorted ICE to preserve all potential responsive video immediately. *Id.* at 2.

24.     Fifteen days later, ICE responded, acknowledging the request and assigning it a case number of 2024-ICFO-10820. *See* Ex. A at 2-3.

25.     In its acknowledgement, ICE informed Mr. Free that although ICE endeavors to respond within 20 business days of receipt of a request, the FOIA permits a 10-day extension of this time. ICE then went on to state that it "may encounter some delay in processing your request."  Defendant's acknowledgement of Plaintiff Free's request does not meet Defendant's basic statutory obligation for the agency to make a determination on the request.

26.      On December 30, 2023, ICE again contacted Mr. Free, denying his request for expedited processing because Plaintiff Free "failed to demonstrate a particular urgency to inform the public about government activity." *Id.* at 3. This

letter and denial of expedited treatment do not meet Defendant's statutory obligation under FOIA to make a determination on Plaintiff's request.

27.     On January 4, 2024, ICE determined that Mr. Free's request was "1) too broad in scope," "2) did not specifically identify the records [he] was seeking," 3) "only posed questions to the agency." ICE goes on to state that "Producing all video of the subject's time in detention would be overly burdensome due to the length of detention."

28.     On January 5, 2024, Plaintiff Free appealed the denial of expedited and ICE's determination that Plaintiff's request did not comply with the requirements for making a clearly defined request.

29.     After having heard nothing about his appeal, on March 8, 2024, Plaintiff Free again wrote ICE stating that Plaintiff had yet to receive an acknowledgement of his appeal.

30.     Over a month and a half later, on April 30th, 2024, ICE responded, stating, "There was no response received regarding the email sent to you on 1/4/2024 requesting you provide clarification and/or narrow the scope" of Plaintiff's request. ICE had administratively closed the request on February 5th, 2025.

31.     That same day, Plaintiff Free responded, asking the agency to administratively reopen his request, as "[ICE's] determination that the original text of this request violates the requirements of 6 C.F.R. 5.3 (reasonable description)."

32.     Plaintiff has not received further communication from ICE, including an acknowledgement of his April 30, 2025, appeal regarding the Video Request.

8

33.     Upon information and belief, Defendant ICE has released the video described in the Video Request to at least one other requestor under FOIA after forcing that requestor to file suit to obtain it.

**Plaintiff's FOIA Request for Detainee Death Review for Frankline Okpu**

34.     Under ICE's own policy directives, when a noncitizen dies in ICE custody, a cascade of notifications and investigations commences, both within and without DHS. This includes the Detainee Death Report, performed by ICE Enforcement Removal Operations (ERO). Separately, ICE's Office of Professional Responsibility (OPR) also performs a Detainee Death Review. *See* ICE Directive 11003.5, Notification, Review, and Reporting Requirements for Detainee Deaths at 2, (Dec. 2, 2020).[10]

35.     The Mortality Review is a separate and distinct review of a detained person's death from the current publicly available death report See ICE Directive 11003.5 at ¶¶ 3.2, 3.5).

36.     ICE publicly released Frankline's Death Report, consisting of a summary (two pages) regarding Frankline's death in ICE custody. *See* ICE Detainee Death Report: OKPU, Frankline (last accessed Sept. 25, 2025).[11]

37.     ICE has not publicly released OPR's Death Review of Frankline's death.

38.     Because ICE ceased affirmatively disclosing detainee death reviews as a matter of course in February 2017, Plaintiff and others have been forced to file

---

[10] Available at https://www.ice.gov/doclib/detention/directive11003-5.pdf.
[11] Available at https://www.ice.gov/doclib/foia/reports/ddrFranklineOkpu.pdf.

FOIA requests again and again in order to even gain access to the official story of the circumstances surrounding deaths in custody.

39.    On June 12, 2024, Free filed a FOIA request seeking OPR's Death Review for Frankline and a record of OPR providing the ICE Deputy Director with the required 180-day update regarding Frankline's death. Plaintiff's FOIA request and correspondence with ICE are attached as Exhibit B.

40.    Free also sought expedited processing of his request, discussing the video as being one of widespread public interest surrounding detained people's deaths in ICE custody, about which there exist serious questions of government wrongdoing and included a number of internet links to reporting on Frankline's death. See *id.* at 2.

41.    On June 21, 2024, ICE responded, acknowledging the request and assigning it a case number of 2024-ICFO-41365. See *id.* at 3.

42.    In its acknowledgement, ICE informed Free that although ICE endeavors to respond within 20 business days of receipt of a request, the FOIA permits a 10-day extension of this time. ICE then went on to state that it "may encounter some delay in processing your request."  Defendant's acknowledgement of Free's request does not meet Defendant's basic statutory obligation for the agency to make a determination on the request. *See id.*

43.    ICE did not adjudicate Free's request for expedited treatment.

44.    As with its usual pattern and practice, ICE's letter did not disclose whether it had in fact conducted a search and reviewed records responsive to the

request; the number of records it found to include which ones it intended to produce and which to hold as well as the reasons therefore; and the letter did not grant Plaintiff the ability to administratively appeal ICE's letter should the agency fail to produce records under FOIA's deadlines.

45.    Since its communication on June 21, 2024, ICE has not sent any further correspondence or records in response to Plaintiff's FOIA request.

46.     Despite follow-up from Plaintiff on September 19, 2024, December 18, 2024, March 18, 2025, and June 16, 2025, ICE has yet to respond to Plaintiff regarding this request, has not issued a determination under FOIA, and has not produced any records responsive to Plaintiff's request.

47.    Upon information and belief, ICE has released Frankline's Death Review to at least one requestor in response to a FOIA request and litigation and has received at least three requests for said Death Review.

48.    Because of the subject matter of the Death Review request and the widespread media interest in noncitizens' death in ICE custody–including Frankline's–the records have become or are likely to become the subject of subsequent requests for substantially the same records.

49.    Plaintiff has constructively or actually exhausted his administrative remedies because ICE has failed to make a determination in response to the Death Review request within the time period required by law.

//

//

11

**The ICE Oversight Request**

50.     On December 15, 2023, Free filed a FOIA request with ICE seeking "All contract discrepancy reports (CDRs), uniform corrective action plans (UCAPs), and quality assurance surveillance plans (QASPs) for the Moshannon Valley ICE Processing Center. ICE's Office of Acquisition Management and the Contracting Officer for the facility are the custodians to begin this search with." (the Oversight Request). On December 28, 2023, ICE sent an acknowledgement to Free that it had received the request and assigned it a request number of 2024-IFCO-10609. Free's Oversight Request and communications with ICE are attached as Exhibit C.

51.     On January 22, 2024, ICE sent a communication to Free seeking clarification of his request, asking him to provide a timeframe for the records he was seeking. Ex. C at 4.

52.     The next day, Free responded, requesting that the agency search for records from July 15, 2021, to the present (January 23, 2024). *Id.* at 5.

53.     Thereafter, Free repeatedly asked for status updates in regular intervals from January 2024 to October 20, 2025. *See id.* at 5-8.

54.     To date, ICE has not issued a determination to Free's request nor has it responded to a single follow-up communication.

55.     Free has constructively or actually exhausted administrative remedies with respect to the Oversight Request because ICE failed to make a determination within the time period required by law.

//

12

**The ICE-GEO Comms Request**

56.    On December 15, 2023, Free filed a FOIA request with ICE seeking all communications between ICE and the GEO Group regarding MVPC from November 15, 2023, through December 15, 2023. (the ICE-Geo Comms Request). On December 20, 2023, ICE acknowledged the receipt of Plaintiff's request and assigned it a request number of December 20, 2023. Free's request and subsequent communications with ICE are attached as Exhibit D.

57.    On February 8, 2024, ICE sent a communication to Free stating "After careful review of your FOIA request, we determined that your request is [sic] did not specifically identify the records which you are seeking" and asked Free to "provide a topic or subject matter for the communications you are seeking. Include the name or title/office of the ICE employees you are interested we [sic] search for records. This clarification is necessary to identify to the program office or custodian who may have the records you are seeking." *See* Ex. D at 4-5.

58.    On February 9, 2024, Free appealed the agency's decision. *See id.* at 5.

59.    On March 12, 2024, ICE wrote "in regard to (2024-ICAP-00111, 2024-ICFO 10612) and (2024-ICAP-00162, 2024-ICFO-10611). As you well know, 2024-ICAP-00111 was remanded upon appeal, and your appeal for 2024-ICAP-00162 is currently pending adjudication." ICE went on to state it "requires further specificity on your FOIA request. . . ." ICE also stated it was "going to consolidate FOIA request [sic] 2024-ICFO-10612 and 2024-ICFO-10611 into 2024-ICAP-00162. This will

capture the combined time frame for records from April 1, 2021, through December 15, 2023." *See id.* at 6-7

60.    That same day, Free responded, requesting that they begin the search with four custodians' email addresses within the Office of Acquisition Management (OAQ) and asking the agency to also task a search for Corey A Price, an Executive Assistant Director within ERO ICE's Enforcement and Removal Operations. *See* Ex. D at 7.

61.    On March 15, 2024, ICE's FOIA Appeal Office sought additional clarification regarding one of the custodians Free requested. That same day, Free responded, requesting that ICE search the four aforementioned custodians. *See id.* at 7-8.

62.    On March 21, 2024, ICE acknowledged the clarification and remanded 2024-ICAP-00162 for "ERO and OAQ to conduct a search on the custodians you provided . . . ." *See id.* at 8.

63.    Subsequently, Free sent multiple follow-ups to ICE, all of which received cursory responses to the correspondence with no additional information as to when he would receive records related to the ICE-GEO Comms Request. Since June 26, 2024, ICE has not sent any additional correspondence, has not made a determination on the ICE-GEO Comms Request, and has not produced a single record regarding Plaintiff's request. *See Id.* at 9.

64.    Free has constructively or actually exhausted his administrative remedies with respect to the ICE-GEO Comms Request because ICE failed to make a determination within the time period required by law.

**ICE's Pattern and Practice of violating FOIA's provisions**

65.    Since 2019, Plaintiff has submitted over 300 FOIA requests to DHS and its agency components, including multiple requests regarding the detention and death of Frankline in ICE custody.

66.    The Department of Homeland Security's (DHS) Chief FOIA Officer publishes its Weekly Reports that summarize significant FOIA requests, releases, and litigation. *See* DHS, Chief FOIA Officer Weekly Reports (Last Updated 07/31/2025).[12] This includes reports for the time period relevant to Plaintiff's requests regarding Frankline's death in ICE custody.

67.    At the time of filing of this Complaint and despite the significant public interest in Frankline's death as articulated herein, ICE has failed to (1) notify Plaintiff of any determination regarding the FOIA Requests, including the full scope of any responsive records the agency intends to produce or withhold and the reasons for any withholdings, thereby violating the timing requirements of the FOIA; and (2) produce all relevant requested records or alternatively demonstrate that the requested records are lawfully exempt from production as required by the FOIA.

68.    Plaintiff has constructively or actually exhausted his administrative remedies because ICE has failed to make a determination in response to the FOIA

---

[12] Available at https://www.dhs.gov/chief-foia-officer-weekly-reports.

Requests within the time period required by law, and could not appeal ICE's acknowledgement letter through the administrative process.

69.    Given Defendant's numerous and sustained violations of the FOIA statute, Plaintiff seeks immediate judicial review.

70.    FOIA requires agencies to make reasonable efforts to search for records in electronic form or format. 5 U.S.C. § 552(a)(3)(C).

71.    Upon information and belief, Defendant has released both the video and OPR's Death Review to at least one other FOIA requestor and therefore is not exercising due diligence in responding to Plaintiff's request. Because it has released these records previously, it should already have the contents of responsive records readily available to it, rather than conducting a new search for both.

72.    Given Defendant's numerous and sustained violations of the FOIA statute, Plaintiff seeks immediate judicial review.

## CLAIMS FOR RELIEF

### COUNT I
### FAILURE TO MAKE A DETERMINATION
### VIOLATION OF 5 U.S.C. § 552

73.    Plaintiff re-alleges and incorporates by reference all allegations in the foregoing paragraphs as if fully set forth herein.

74.    FOIA requires an agency to make a determination within a maximum of 30 working days under *Citizens for Responsibility & Ethics in Washington v. Federal Election Commission ("CREW")*, 711 F.3rd 180 (D.C. Cir. 2013) (Kavanaugh, J.).

75.     "[I]n order to make a 'determination' and thereby trigger the administrative exhaustion requirement, the agency must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse." *Id.* at 188.

76.     ICE has failed to make a determination as to all of Plaintiff's FOIA requests.

## COUNT II
## FAILURE TO ESTIMATE A DATE OF PRODUCTION
## VIOLATION OF 5 U.S.C. § 552(a)(7)(B)(ii)

77.     Plaintiff re-alleges and incorporates by reference all allegations in the foregoing paragraphs as if fully set forth herein.

78.     Defendant must establish a telephone line or internet service to provide an estimated date on which the agencies will complete action on the request.

79.     In violation of this statute, Defendant failed to provide an estimated date on which the requests would be completed.

## COUNT III
## FAILURE TO MAKE REASONABLY SEGREGABLE, NON-EXEMPT
## RECORDS PROMPTLY AVAILABLE
## VIOLATION OF 5 U.S.C. § 552(a)(3)

80.     Plaintiff re-alleges and incorporates by reference all allegations in the foregoing paragraphs as if fully set forth herein.

81.     Upon request, an "agency … shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A).

82.    Defendant has violated this provision by failing to make records responsive to Plaintiff's requests "promptly available," despite having already released the records sought in Plaintiff's requests to other requestors.

## COUNT IV
## PATTERN AND PRACTICE OF VIOLATION OF TIME LIMITS

83.    Plaintiff re-alleges and incorporates by reference all allegations in the foregoing paragraphs as if fully set forth herein.

84.    Defendant has established a pattern and practice of violating statutory time limits of FOIA requests.

85.    Courts have previously granted judgment as a matter of law to the family member of someone who died in ICE custody, explaining that promptly available "typically would mean within days or a few weeks of a 'determination,' not months or years." *Sierra Club v. U.S. Env't Prot. Agency*, 2018 WL 10419238, at *5 (N.D. Cal. Dec. 26, 2018) (quoting *CREW*, 711 F.3d at 188); *Owen v. U.S. Immigration & Customs Enforcement*, 2023 WL 9470904, at *6 (C.D. Cal. Jan. 12, 2023).

## COUNT V
## VIOLATION OF 5 U.S.C. § 552(a)(4)(B)
## UNLAWFUL WITHHOLDING OF AGENCY RECORDS BY ICE

86.    Plaintiff re-alleges and incorporates by reference all allegations in the foregoing paragraphs as if fully set forth herein.

87.    ICE is a government agency subject to the FOIA and must therefore make reasonable efforts to search for and release requested records and otherwise

lawfully support and provide the basis for any withholdings made pursuant to the exemptions provided by the FOIA.

88.     Plaintiff has a legal right under the FOIA to the timely search and release of responsive, non-exempt agency records responsive to the Plaintiff's FOIA requests.

89.     ICE failed to conduct a timely search and release responsive, non-exempt agency records in response to the Plaintiff's FOIA requests.

## COUNT VI
## FAILURE TO COMPLY WITH AFFIRMATIVE DISCLOSURE PROVISIONS OF FOIA
## VIOLATION OF 5 U.S.C. § 552(a)(2)(D)

90.     Plaintiff re-alleges and incorporates by reference all allegations in the foregoing paragraphs as if fully set forth herein.

91.     FOIA requires that each agency "shall make available for public inspection in an electronic format . . . copies of all records, regardless of form or format–that have been released to any person under paragraph (3); and that because of the nature of their subject matter, the agency determines have become or are likely to become the subject of subsequent requests for substantially the same records; or that have been requested 3 or more times . . . ."

92.     Defendant has violated 5 U.S.C. § 552(a)(2)(D), et seq. by failing to make available to the public records responsive to Plaintiff's request regarding Frankline's Death Review.

//

//

## COUNT VII
## PATTERN AND PRACTICE OF VIOLATION OF TIME LIMITS

93.    Plaintiff re-alleges and incorporates by reference all allegations in the foregoing paragraphs as if fully set forth herein.

94.    Defendant has established a pattern and practice of violating FOIA's statutory time limits.

95.    The "promptly available" requirement typically means "within days or a few weeks of a determination, not months or years." Sierra Club v. U.S. Env't Prot. Agency, 2018 WL 10419238, at *5 (N.D. Cal. Dec. 26, 2018) (quoting CREW, 711 F.3d at 188) (internal quotation marks omitted); Owen v. U.S. Immigration & Customs Enforcement, 2023 WL 9470904, at *6 (C.D. Cal. Jan. 12, 2023).

## COUNT VIII
## PATTERN AND PRACTICE OF VIOLATION OF AFFIRMATIVE
## DISCLOSURE REQUIREMENTS

96.    Plaintiff re-alleges and incorporates by reference all allegations in the foregoing paragraphs as if fully set forth herein

97.    Under FOIA, agencies have a duty to proactive disclose to the public certain commonly requested or likely to be requested records. *See* 5 U.S.C. § 552(a)(2)(D).

98.    ICE has a pattern and practice of violating its proactive disclosure requirements under FOIA.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

1.      enter judgment on all counts in favor of Plaintiff and against Defendant;

2.      declare Defendant's withholdings under the FOIA unlawful and enjoin Defendant from continuing to withhold all non-exempt records responsive to the FOIA Requests;

3.      declare Defendant's failure to proactively disclose Frankline's Death Review records under the FOIA to be unlawful;

4.      declare that Defendant has a pattern and practice of violating FOIA's statutory time limits;

5.      declare that Defendant has a pattern and practice of failing to adhere to FOIA's proactive disclosure requirements;

6.      order Defendant to make a determination on Plaintiff's requests as required by FOIA;

7.      order Defendant to conduct a prompt and adequate search for all records responsive to Plaintiff's FOIA Requests, determine which, if any, portions of such are records are exempt, and require Defendant to release the remaining portions of these agency records;

8.      order Defendant to proactively produce and make available to the public all records responsive to Frankline's Death Review.

9.      order Defendant to produce, within 20 days of the Court's order, or by such other date as the Court deems appropriate, all non-exempt records responsive to the FOIA Requests, all segregable records responsive to the FOIA Requests, and

indices justifying the withholding of any responsive records withheld under any claim of exemption;

10.     award Plaintiff reasonable costs and attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E) and/or 28 U.S.C. § 2412(d)(1)(A); and

11.     award Plaintiff such further relief as the Court deems just, equitable, and appropriate.

Dated: November 4, 2025          Respectfully submitted,


By:  /s/ *Daniel Melo*
     Daniel Melo

The Melo Law Firm
2920 Forestville Road
Ste 100, PMB 1192
Raleigh, NC 27616
(919) 348-9213
dan@themelolawfirm.com
*Pro Bono Counsel for Plaintiff*